Howry, J.,
delivered the opinion of the court:
The Federal Manufacturing and Printing Company, a corporation organized in accordance with the laws of the State of New York, instituted this action for royalties for the use of patented power plate-printing presses by the defendants, in the Bureau of Engraving and Printing under written agreements with certain assignors. The demand is for $120,000 to $160,000, the difference being whether one of the patents was limited in its duration because issued in England before it was in this country.
In the original petition it is alleged that plaintiff was the assignee of certain patents, and that certain contracts with Elizabeth It. Milligan, Ida C. Howland, and others had previously been made by the United States for the right to make and use certain presses and wipers under the patents, to which contracts the plaintiff company was not a party, but entitled to claim royalties under them by virtue of the trans *320 fers of the contracts to the company. Assuming that anyone was entitled to sue on account of the use of the presses and the wipers, the original petition shows that the corporation is the only party entitled to sue, because it was the sole owner of the patents and the assignee of the contracts under which the right to sue originated.
Plaintiff company, by the original petition, relies exclusively upon the' transfers, and -does not recognize, any rights of suit on the part of anyone else.
After the filing of the original the corporation filed its amended petition by the addition of. the names of Elizabeth B.. Milligan and Ida C. Plowland as new parties “ for the use and benefit of the company.” . As more than six years had elapsed from the filing of the original, defendants moved to dismiss the amended petition because, as alleged in the motion, it is made to appear that all claim which Elizabeth B,. Milligan and Ida C. Howland might have -had when the original petition ivas filed was, at the date of the filing of the amendment, barred by the statute of limitations. Defendants’ second ground for the motion is that the amended petition is superfluous and tends to confuse the record.
The argument of the defendants is that the amended petition is filed because the original plaintiff realized that the statute forbidding the transfer of contracts would probably prevent its recovery upon them.
Plaintiffs contend (and say that the defendants concede) that this court has allowed petitions to be amended so as to enable claimants to sue in another capacity and to add or substitute new parties as plaintiffs -where a new suit would have been barred, and that such amendments have been allowed to present a case which the parties majf be supposed to have originally intended to present.
It is true that persons may sue in this court for the use of others. It is also true that the petition and amended petition are substantially the same, with the exception of the new parties whose names are sought to be introduced. Both jfleadings are upon the same contracts, the same assignments relating to the same ¡parties, for the same royalties, on the same power plate printing presses, covered by the same pat *321 ents, and for the same amount of royalties at the same rate. It is also true that the original petition shows that the two persons whose names are now sought to be made parties plaintiff with one Charles F. Steel, sold, assigned, and transferred to the original plaintiff all their right, title, and interest in and to certain contracts (under which plaintiff company claims) made with the defendants, together with full power' and license to grant to the United States the rights secured by the letters patent and the improvements thereon.
But it is not correct to say that the relations of these parties to each other are necessarily the same as between any assignor and assignee. The transfer of a certain class of Government contracts works an annulment of such contracts (at the option of the Government) and the transferee can not sue for a breach. There is an essential difference between the assignment of a contract with the Government and the assignment of a patent. Section 3737 of the Revised Statutes prohibits the assignment of a contract with the Government, while section 4898 expressly authorizes the assignment of a patent. We are not, however, dealing with the matter of the assignment of these contracts except as it relates to the right of the plaintiff company to introduce new parties to enable them to avoid the effect of these assignments. It may be that the original plaintiff may recover on them as assignments under that class of cases where the transfers were held to be valid because nbt within the mischief which the statute designed to prevent (Hobbs v. McLean, 117 U S., 579; Freedmen’s Savings Co. v. Shepherd, 127 ibid., 494; Burch v. Taylor, 152 ibid., 634); or, it may be that the proof will show such a state of affairs as will make defendants liable for the use of the plate printing presses manufactured under the patents independent of their claims as assignee under the contracts with the original contractors and the Government. The sole thing now to be considered is the right to make the amendment.
Section 954 of the Revised Statutes provides that any court of the United States may at any time permit either of the parties to amend any defect in the process or pleadings upon such conditions as it shall, in its discretion and by its *322 rules, prescribe. This statute is in accord with the spirit of modern jurisprudence. The discretion of the courts ought to be exercised with great liberality in the allowance of amendments and will be in furtherance of justice so far as this court is concerned, except when the failure to observe the restraining rules of the common law will operate to unjustly prejudice the substantial right of the other party to the proceeding, and except in those cases where the amendment seems superfluous.
But if it be true that the new parties sought to be introduced by the amended petition have no interest in the contracts assigned by them to the original plaintiff, we are unable to see the necessity for the amendment. Nor can we see how or in what manner the real party will be prejudiced by not permitting the introduction of nominal persons who are brought in only for the use and benefit of their assignee. The action ought not to fail merely, because the assignors do not appear as nominal plaintiffs, and where, without the use of their names, the original plaintiff has the apparent right to proceed. Again, if the record discloses that on the trial these assignors have any interest in the proceeds of any recovery, we shall then be confronted with the important question involved in permitting or refusing the introduction of their names as parties to the proceeding after the bar of the statute of limitations has apparently attached to them. If their interests should appear, the inquiry would at once arise whether defendants can be required to defend against their claims after the bar of the six years’ statute under the general jurisdiction of the court. If this can be done, when can defendants get the benefit of the statute of limitations? For, if after the expiration of the time for bringing the action a new party may be introduced, may not new parties be brought in again and again against the salutary reason of the rule respecting statutes of limitation, which are statutes of repose and designed to bring to an end litigation within some reasonable time? Section 1069 is not only a statute of limitation, but likewise jurisdictional. (Wardwell v. United States, 172 U. S., 48.) In Martinez v. United States (195 U. S., 469) it was recently adjudged by *323 tlie Supreme Court that a party defendant brought in by amendment, and who has for the first time jan opportunity to make defense to the action, has a right to treat the proceeding as to him as commenced by the process which brings him into court. Whether this decision is sufficiently analogous to prevent the introduction of new parties by ivay of amendment to a pending proceeding after the statute of limitation has barred their right to institute a new suit is not necessary to determine at this stage of the matter, if at all.
The proposed addition is not like that presented in the leading case of Thomas v. United States (15 C. Cls. R., 335), where an amendment was allowed so as to describe the representative capacity of the person who in the first instance brought suit as an individual. Nor like other cases where amendments have been authorized so as to permit the parties to present cases which they were supposed to have originally intended to present. Nor yet like that class of cases where the court has, to attain the ends of justice, sometimes permitted the addition or subbstitution of new parties whose names were inadvertently omitted in the first instance. The argument that the amendment should be allowed to conform to the practice of the court does not seem tenable. The join-der of new parties who before the institution of the original suit had assigned all their right, title, and interest in and to the contracts does not come within any rule of practice here, because the assignment of the contracts under which the claim is made operates to destroy that privity of interest between the assignors and the assignee which ought to appear.
Motion to strike the amended petition from the files is sustained.